UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAN SHEKHAR NAIDU,<br><br>　　　　　　Plaintiff,<br>　V.<br><br>CHILD PROTECTIVE SERVICES *ET AL.*,<br><br>　　　　　　Defendants. | CASE NO. C20-1411-RSM<br><br>ORDER TO SHOW CAUSE AND DENYING MOTION TO APPOINT COUNSEL |

This matter comes before the Court *sua sponte* and on Plaintiff's Motion to Appoint Counsel, Dkt. #6.  *Pro se* Plaintiff, Aman Naidu, has been granted leave to proceed *in forma pauperis* in this 42 U.S.C. § 1983 civil rights case.  Dkt. #4.  He brings this action against Child Protective Services ("CPS") and social worker Chelsea Costello in their official capacities.  Dkt. #5.

**A. Order to Show Cause**

The complaint alleges that after Mr. Naidu's wife falsely reported that he had broken into her house and physically assaulted their daughter, Defendants conducted a flawed investigation that led to a protective order, which prevented Plaintiff from seeing his daughter for four years.  *Id.* at 6-7. Mr. Naidu alleges that Defendants mishandled the child abuse investigation, resulting in his "getting

ORDER TO SHOW CAUSE AND DENYING MOTION TO
APPOINT COUNSEL - 1

accused and found[] of a crime [he] did not commit" and took away four years that he could have spent with his daughter. *Id.* Plaintiff seeks compensation totaling $3 million for the pain, suffering and emotional distress over the last four years.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The Court finds that the complaint appears subject to dismissal for several reasons, as set forth below.

As an initial matter, Plaintiff brings this action against CPS and Ms. Costello in their official capacities. Dkt. #5 at 2. Monetary claims against the State of Washington and its agencies are barred under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (the State and its agencies are not subject to § 1983 claims because they are not "person[s]" within the meaning of that section and are entitled to immunity under the Eleventh Amendment; official capacity suit against state employee is really a suit against the official's office, and no different than a suit against the state). *See also Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (State officials sued in official capacities are not "persons" under Section 1983 unless sued for prospective injunctive relief).

Next, a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint *must* be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (emphasis added). On one hand, Plaintiff states that CPS "withdrew the case and all findings were dropped" following Plaintiff's appeal. *Id.* at 6. Later in the complaint, however, Plaintiff indicates that the CPS investigation led to a wrongful conviction. *See* Dkt. #5 at 7 (Stating that Mr. Naidu was "accused

and found[] of a crime I did not commit"); *see also id.* at 8 ("With the correct due diligence, I would have not been wrongfully found[] to be an abusive father. . . . this has caused me 4 years of time away from my daughter's life."). Thus, as currently plead, the complaint indicates that a judgment in Plaintiff's favor may call into question the lawfulness of a past conviction. Whether or not Plaintiff was convicted of a crime as a result of the events set forth in this complaint determines whether Plaintiff's claims are barred by *Heck* and subject to dismissal. For that reason, the Court needs to hear from Plaintiff on this issue.

Finally, it appears that Plaintiff has filed this action outside the applicable limitations period. Federal courts apply the forum state's personal injury statute of limitations to § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). A three-year statute of limitations applies in Washington. RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). A § 1983 action accrues and the statute of limitations begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his or her action. *Bagley v. CMC Real Estate Corp.*, 925 F.2d 758, 760 (9th Cir. 1991). Here, Plaintiff states that he was prevented from seeing his daughter for four years, which would place the CPS investigation outside the applicable limitations period. *See* Dkt. #5 at 6-7. However, Plaintiff also states, "May 19, 2017 CPS changed its finding to unfounded on Aug 17th, 2018." *Id.* at 7. Because it is unclear what events these dates refer to, and how these events relate to Plaintiff's causes of action, the Court needs to hear from Plaintiff on this issue.

Considering all the above, Plaintiff's Complaint suffers from deficiencies that, if not adequately explained in response to this Order, will require dismissal. *See* 28 U.S.C. § 1915(e)(2)(B). In Response to this Order, Plaintiff must write a short and plain statement telling the Court (1) the separate causes of action upon which his claims are based, (2) how Defendants violated

each of those laws causing harm to Plaintiff, including the dates and times of the events giving rise to his claims, and (3) why this case should not be dismissed without prejudice. **This Response may not exceed six (6) double-spaced pages**. Plaintiff is not permitted to file additional pages as attachments. The Court will take no further action in this case until Plaintiff has submitted this Response.

### B. Motion for Appointment of Counsel

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). Even where the claim is not frivolous, counsel is often unwarranted where the litigant's chances of success are extremely slim. *See Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1985).

At this stage in the case, the Court cannot conclude that Plaintiff has demonstrated a likelihood of success on the merits, or shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims *pro se*. For that reason, the Court DENIES Plaintiff's Motion to Appoint Counsel, Dkt. #6, without prejudice. This Order does not prevent Plaintiff from re-filing this Motion once the record regarding his claims has been more fully developed.

### CONCLUSION

Having considered Plaintiff's filings and the relevant record, the Court finds and ORDERS that:

(1) Plaintiff shall file a Response to this Order to Show Cause containing the detail set forth above **no later than thirty (30) days from the date of this Order**. Failure to file this Response will result in dismissal of this case.

(2) Plaintiff's Motion to Appoint Counsel, Dkt. #6, is DENIED without prejudice. This Order does not prevent Plaintiff from re-filing this Motion once the record regarding his claims has been more fully developed.

DATED this 29th day of September, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE AND DENYING MOTION TO APPOINT COUNSEL - 5